Judge Underwood
delivered the opinion of the Court.
Charles T. Marshall instituted an action of assumpsit against Elizur G. Marshall, executrix of the last will of Alexander K. Marshall, deceased, for money lent and advanced to, and laid out and expended for the testator. The declaration contains three counts; tlv; two first based on assumpsits made hy the testator, in his life time, and the third relies on !t promise made by said Elizar. in consideration of t,le mo:loy lent to, and expended for her testator. — • The defendant filed two pleas, non-asswnpait, and the statute of limitations. The jury foun'd a general v,M’(l'cl f°r 'I10 plaintiff, for §306 1 1 cents in damages, ,<he court rendered a judgment against (lie defendant in tier individual character, and not a9 testatrix. She appealed and departed this life pend-mg tqe appeal. the cause has been revived in the name of her personal representative Luke, .
A motion was made for a new trial, upon the ground ¡hat the verdict was not authorized by thelaw and ev-court overruled the motion upon the plaintitis releasing .51 06 11 cents of the verdict.— Whether a new trial ought to have been granted constitutes the sole question for decision, 1
There was not a partirle of evidence which estah-Lsilicd an express assumpsit, on the part of the exc-cutrix, to pay (he money due the plaintiff by her tes-tutor; consequently there was not the least fourida-I'0'1 ^>r a v(,r(l'cl: H,|d judgment against her Individually. The tliir i count was not sustained by the proof, If the proof justified a verdict and judgment in behalf of the p! lintiff. he was entitled to the*in against the defend mf in her ii luriarv character, and the exeeu-ti >m .«Veil ! g > dr, b inis trstnlori». A2 the dec lnration, ,¶ i*,.,] non -.is, fou i !-*-! on the promise of the testator, with a comí fo iud.;d on the assumpsit of the oxer u-trix, to enable the court to decide whether the judgment should be de bonis testaloris or de bonis propriis, it vyas "mdispensible that the verdict should designate thrt *459 tíonnt on which it was found. This results from the double a«peet in which the declaration presented the eau-e. A general verdict therefore, not confined to cither count, and leaving it entirely uncertain, wheth er it was bused on the assumpsit of the testator or (hat of the executrix, cannot he sustained in a case situated likethi-. The court should have set it aside on motion, and awarded a new trial, instead of rendering a judgment thereon against the executrix individually, whereby she will be burdened, personally, with the debts of her testator. For this cause, the judgment must be reversed and a new tríala warded, if for no other. We have not deemed it important to enquire whether the extent of the verdict transcended the limits prescribed by the evidence, because on a new trial the testimony may not he the same.
Crittenden, for appellant; T. Marshal?, for appellee.
Judgment reversed with costs, and cause remanded for a new trial.